KNOLL, Judge.
The Gravity Drainage Board II of Allen Parish (Drainage Board) appeals the judgment of the trial court awarding Mildred Langley $3000 for damages caused to her property while the Drainage Board performed maintenance to prevent obstruction of a public drainage channel. The Drainage Board contends that the trial court’s damage award was excessive or, in the alternative, that the Langley property was not damaged. Langley cross-appeals contending that the trial court’s damage award was inadequate. We pretermit discussion of the issues raised and remand finding that the trial court judgment is not dispositive of all issues presented.
The Drainage Board, using funds it received through a grant from the Louisiana Department of Public Works, entered Langley’s property to clean out a natural drainage canal in 1978. At that time Langley alleged that her property was damaged when the canal was widened and a spoil bank in excess of 100 feet was created. Langley sued the Drainage Board and the Louisiana Department of Public Works; the defendants filed third party demands against each other. A third defendant, the United States Department of Soil Conservation was dismissed when the case was removed to federal court, and was no longer a party when the case was remanded to state court.
At trial on the merits, without the presence of the Department of Public Works, Langley and the Drainage Board submitted the case on the following stipulations:
1. Langley is the owner of the property allegedly damaged.
2. The Drainage Board had a servitude across Langley’s land.
3. The Drainage Board dredged a ditch in May 1978 across Langley’s property without expropriation proceedings.
4. Langley is entitled to recover damages from the Drainage Board in an amount to be determined by the trial court.
5. The existing drainage canal across Langley’s property was extended beyond its original bank.
In addition Langley and the Drainage Board stipulated to the admission into evidence of various photographs and the appraisals of Kermit Williams (for Langley) and Horace Morton (for the Drainage Board).
A review of the record establishes that the judgment does not decide all claims presented in the pleadings. Langley’s claim against the Louisiana Department of Public Works was not treated nor were the third party demands made by the defendants against each other disposed of.
For us to render a judgment which is just, legal and proper, all matters presented in the pleadings should be tried and decided. Therefore we remand this case to the trial court so that all issues may be presented at one time. LSA-C.C.P. Art. 2164; Wallace v. Pan American Fire & Cas. Co., 352 So.2d 1048 (La.App. 3rd Cir.1977), writ denied, 354 So.2d 209 (La.1978); Collins v. Slocum, 304 So.2d 675 (La.App. 3rd Cir.1974.)
This case is remanded to enable the trial court to try the remaining issues and to decide all claims presented by the pleadings. Costs of this appeal shall await final disposition of this case.
REMANDED.